**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 CR 956-1 |
| GEORGE E. BAY, JR. | ) HONORABLE DAVID H. COAR |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is a limited remand from the Seventh Circuit Court of Appeals pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). This Court is charged with determining whether it would have imposed a different sentence on Defendant George E. Bay, Jr., had the Federal Sentencing Guidelines ("Guidelines") been considered advisory rather than mandatory at the time of sentencing. After reviewing the parties's submissions and the pre-sentence report, this Court concludes that it would apply the same sentence.

Background

In October 2003, Defendant was indicted on seven counts of mail fraud related to a fraudulent billing scheme under which he sent 43 companies in the steel industry invoices for freight-related services that he never performed. He entered into a written plea agreement with the Government on March 3, 2004. Under the agreement, he pleaded guilty to one count of violating the mail fraud statute, 18 U.S.C. §1341, and agreed to a forfeiture judgment of $428,251.90. He later received a 32-month sentence. In determining that sentence, this Court found that Defendant did not qualify for a decrease in his sentence on the basis of acceptance of

responsibility as he attempted to avoid part of his punishment by hiding the extent of his interest in property subject to forfeiture. In light of Defendant's omissions and misstatements regarding that property, this Court found that Defendant qualified for an enhancement based on his obstruction of justice.

On appeal, Defendant argued that this Court erred in its application of the Guidelines and that he was entitled to full resentencing, in light of *United States v. Booker*, 543 U.S. 220 (2005). The Seventh Circuit disagreed, and ordered a limited *Paladino* remand. *See Paladino*, 401 F.3d 471.

Both sides filed briefs on the *Paladino* issue. This Court has reviewed the parties's submissions and the pre-sentence report.

Analysis

Congress promulgated the Guidelines in 1987. *See* 18 U.S.C. §3553; *see also United States v. Hanhardt*, 424 F.Supp.2d 1065, 1073 (N.D.Ill. Mar. 13, 2006). In *Booker*, the Supreme Court concluded that mandatory imposition of the sentences set out in the Guidelines without the use of a jury as factfinder on certain issues violated the Sixth Amendment. *See Booker*, 543 U.S. 220. If the Guidelines had not been considered mandatory, the Supreme Court noted, no Sixth Amendment problem would have been raised. *See id.* at 233.

In response, under the current Seventh Circuit framework, some defendants sentenced before the *Booker* decision "are now given limited remands to re-evaluate their sentences under the factors contained in 18 U.S.C. §3553." *Hanhardt*, 424 F.Supp.2d at 1073 (citing *United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *Paladino*, 401 F.3d at 484). These limited remands–or "*Paladino* remands"–are meant only to enable the district judge to signal to the

Court of Appeals "'whether [the defendant's] sentence would have been different had the Guidelines been applied as advisory rather than mandatory.'" *Id.* (citing *United States v. Santiago*, 428 F.3d 699, 705-06 (7th Cir. 2005); *Paladino*, 401 F.3d at 484).

When considering the remand, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). "Therefore, the defendants must rebut the presumption of reasonableness attached to the Guidelines sentences 'by demonstrating that [their] sentence[s][are] unreasonable when measured against the factors set forth in §3553(a)'." *United States v. Spano*, 447 F.3d 517 (7th Cir. 2006)(citations omitted). These factors include the nature and circumstances of the offence and the history and characteristics of the defendant; the kinds of sentences available, the kinds of sentences and the sentencing range established under the Sentencing Guidelines (subject to amendment), any pertinent policy statement issued by the U.S. Sentencing Commission (subject to amendment), the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §3553(a). In addition, the sentence must reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. *See id.*

Defendant fails to offer any meritorious argument as to why his sentence is unreasonable when measured against the §3553(a) factors. Instead, best this Court can tell, he believes his

enhancement was unconstitutional because a jury did not conclude that it was proven beyond a reasonable doubt that he obstructed justice. He claims that *Booker* requires a jury determine that he did not truthfully answer a question about his assets and therefore obstructed justice. Likewise, he argues, the denial of a decrease in his sentence on the basis of acceptance of responsibility was unconstitutional because no jury was employed to determine beyond a reasonable doubt that he failed to accept responsibility.[1]

Defense counsel's main argument seems to be that Defendant's sentence is unconstitutional because a jury did not find beyond a reasonable doubt that Defendant obstructed justice or that he did not deserve a reduction for acceptance of responsibility. Defense counsel rightly notes that *Booker* finds a mandatory imposition of a Guidelines sentence without the use of a jury as factfinder to be in violation of the Sixth Amendment in cases such as this one. What she fails to recognize, however, is that it is the function of the *Paladino* remand to ask if this

---

[1] The facts supporting a finding that Defendant did obstruct justice and did not accept responsibility have been proven by a preponderance of evidence. In the Seventh Circuit, Defendant seems to have argued that this Court's finding that he behaved willfully and gave false information such that a two level increase for obstruction of justice was improper. *See United States v. Bay*, No. 04-3137, slip op.at 1 (7th Cir. September 14, 2005). After determining that Bay's response to a request for disclosure of his financial assets was misleading, the Court of Appeals concluded that "[i]nsofar as Bay claims that the district court's finding that he behaved willfully and gave false information were not supported by a preponderance of the evidence, he is out of luck." *Id.* at 4. The Court of Appeals noted that Bay failed during his sentencing to make any objection to the proof offered and stipulated to the government's proffer of evidence. Second, he seems to have argued that he was entitled to a three-level downward adjustment for acceptance of responsibility. *See id.* The Court of Appeals disagreed, and determined that this Court's finding that Bay failed to accept responsibility because he attempted to avoid part of his punishment by hiding his financial interest in his house was not clearly erroneous. *See id.* Again before this Court, Bay's counsel states that Bay's "act of pleading guilty alone was worth the 2 level decrease." As noted, this argument has already been entertained and decided by this Court and the Court of Appeals. Moreover, this case is before this Court based upon a limited remand under *Paladino*.

Court would have imposed the same sentence even with an understanding that the Guidelines were advisory. The *Paladino* remand–and subsequent decision by the sentencing court that it would have imposed the same sentence even if assuming that the Guidelines were advisory–defenestrates any argument that the sentence is unconstitutional.

As noted earlier, if the Guidelines are not mandatory, the Sixth Amendment problem is resolved. *See, e.g., Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." (citations omitted)); *see also United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005)("With the guidelines now merely advisory, factfindings that determine the guidelines sentence do not determine the actual sentence, because the sentencing judge is not required to impose the guidelines sentence; and so the Sixth Amendment is not in play.").

Defendant was invited to submit briefing on the *Paladino* issue because his sentence was determined under the belief that the Guidelines were mandatory. At this stage in the proceedings, this Court reviews whether it would have imposed the same sentence if operating under the understanding that the Guidelines are advisory. The presumption is that the original sentence imposed is reasonable; Defendant is required to rebut that presumption. He fails to do so.

If Defendant has separate arguments based upon the factors set forth in 18 U.S.C. §3553(a), he does not adequately present them at this time. Statements such as "[t]he sentencing

court will also consider the defendant's case in relation with other similar cases, i.e. where persons have demonstrated disregard for the truth, and the backgrounds of the individuals under 18 USC 3553 (a) in which an individuals is considered in the entirety and the sentence guidelines as advisory, would not push the court into a single box of telling the court what it had to sentence the person," do little to clarify how an analysis of the §3553(a) factors would lead to a different conclusion in this case.

The Seventh Circuit recently noted that "[o]n a *Paladino* remand a judge need not employ a full-fledged methodology for measuring the reasonableness of the Guidelines sentence against §3553(a)." *Spano*, 447 F.3d 517 (citing *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). The Court of Appeals clarified: "[a]nd the need for a judge to explain in detail his consideration of the §3553(a) factors when choosing to stick with the Guidelines sentence is proportional to the arguments made by the defendants...When the judge is not presented with much, he need not explain much." *Id. (*citation omitted).

As noted in the Seventh Circuit's opinion regarding Defendant's conduct, "[a] half-truth...can be just as misleading as an outright lie." *See United States v. Bay*, No. 04-3137, slip op. at 3 (7th Cir. September 14, 2005). Moreover, his position "is no better than that of many other defendants who have tried to obfuscate their interests in various assets." *Id.* (citations omitted.). Not only did he fail to accept responsibility for his actions, he also tried to obstruct justice. The nature and characteristics of his offense, the need to afford adequate deterrence to conduct such as engaging in mail fraud and then attempting to mislead the Government with respect to asset values, the need to protect the public from further crimes such as the scheme to defraud 43 separate companies, all support a finding that the original sentence should stand.

Defendant's sentence of 32 months neither represented the lowest possible sentence under the pre-Booker understanding of the Guidelines, nor did it represent the highest possible sentence.[2] Defendant engaged in fraudulent conduct that lasted several years, harmed numerous victims, and resulted in the loss of hundreds of thousands of dollars. Sentencing Defendant below the Guideline range would "subvert the goals of the U.S. Sentencing Commission and lead to unwarranted sentencing disparities which would in turn fail to protect the public." *U.S. v. Spano*, 411 F.Supp.2d 923, 941 (N.D.Ill. Jan. 24, 2006). Consequently, this Court would sentence Defendant to 32 months, the same period of time that was originally imposed.

## Conclusion

For the foregoing reasons, this Court concludes that it would have given Defendant the same sentence even if the Guidelines had been applied as advisory rather than mandatory.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **June 8, 2006**

---

[2] The Government argues that because this Court did not sentence Defendant to the minimum sentence possible under the Guidelines, it would not lower his sentence even if the Guidelines are considered advisory. This Court notes that it has reservations about this reasoning, but need not decide the issue at this time in light of Defendant's failure to rebut the presumption that the original sentence was unreasonable.